Harold D. Freedman v. Commissioner.
Freedman v. Commissioner
Docket No. 8613.
United States Tax Court
1947 Tax Ct. Memo LEXIS 243; 6 T.C.M. (CCH) 414; T.C.M. (RIA) 47107; April 21, 1947
*243 Joseph L. Jonick, C.P.A., and Emanuel A. Obstfeld, Esq., 535 Fifth Ave., New York 17, N. Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: The Commissioner determined a deficiency of $4,609.10 in the petitioner's income tax for 1943. The primary issue is whether the Commissioner erred in disallowing a deduction for an expense which the petitioner claims that he "constructively paid" during the taxable year. [The Facts] The petitioner resides in New York City. He filed his individual return with the collector of internal revenue for the second district of New York. The petitioner prepared his return on a cash basis. He reported therein a salary of $45,245.92 which had been credited during 1943 to his account on the books of his employer, Lesem Bach & Co., Inc. He claimed a deduction therefrom of $6,625 which he had paid by check on January 27, 1944, to Edward J. Bartmann. Although Bartmann was on a cash basis, he reported this payment as income in his tax return for 1943. Lesem Bach & Co., Inc. was originally a partnership which was incorporated in 1933. It is engaged in the business of manufacturing *244 rayon textiles, principally rayon mixed with wool fibers which are fast-dyed and fully shrunk and are sold under the name "Kohinoor". It is also engaged in the business of importing linens and jutes. The partnership employed petitioner in 1925. He became a partner. He served as treasurer of the partnership and the corporation. In 1942 he owned seven per cent of the corporate stock and was a member of the board of directors. The petitioner had complete charge of the imports, which required about a third of his time, until they ceased in 1942 due to the war. As that business disappeared the corporation became established in the rayon business. The petitioner advised and was in charge of the converting of rayon, to which he devoted about 20 per cent of his time. He was assisted by Bartmann. The petitioner also had charge of sales and he cooperated on financial matters with the president of the corporation. He was paid an annual salary of $5,200 plus 15 per cent of the corporate profits as compensation for his services. The petitioner was inducted into military service on October 6, 1942, and remained in service until June 4, 1945. At the time of his induction the corporation agreed *245 to pay his regular salary, including his percentage of profits, during his absence. It also agreed to and did continue his employment after his return from military service. The petitioner's sales duties were distributed to two salesmen on a commission basis and his financial duties were assumed by the president of the corporation. The corporation employed an additional salesman in January, 1943. Bartmann took over the responsibility for the development and production of rayon fabrics. He was the only employee qualified to do so and the petitioner was worried about whether he could do all of that work himself. At the time of petitioner's induction they were having trouble with the development of a fast dye. The petitioner was also worried about whether a stranger might be brought in, if Bartmann were not able to carry all of the work, in which case the petitioner thought that he might lose a percentage of his current and future income. He and Bartmann discussed these contingencies and the latter promised that he would try to perform the work which both of them had been doing and that he would work overtime if necessary. They decided to fix the amount of compensation for such services *246 at a later date. In March, 1943, they orally agreed that the petitioner pay Bartmann 2 1/2 per cent of the corporate profits. The corporation was not a party to this arrangement and it did not pay Bartmann any extra compensation for the performance of petitioner's duties. Bartmann actually worked overtime and satisfactorily completed the development of a new fabric which was called "Kohinoor". The volume of business increased in 1943. The petitioner did not know the amount of the corporation's profits for 1943 until about January 25, 1944. He promptly mailed a check to Hartmann for the amount which was agreed upon and which is the subject of the present controversy. The Commissioner disallowed the deduction in question on the grounds (1) that payment was not made within the taxable year, and (2) in any event that it is not allowable as a deduction under either section 23 (a) (1) (A) or (2). The petitioner has assigned error on both counts. The petitioner argues that the doctrine of "constructive payment" should be applied to him because there was "constructive receipt" by Bartmann in 1943. The latter treated the 1944 payment as his 1943 income and paid a tax thereon. But his action *247 is not controlling in this proceeding. We are concerned here with the petitioner's acts as shown by the evidence. [Opinion] Although the petitioner testified that Bartmann was "at liberty" to draw against him but did not do so, there is no evidence that any amount was unconditionally set aside by the petitioner for Bartmann in 1943. The evidence is that the petitioner paid Bartmann by a personal check which was neither prepared, signed nor delivered until 1944. There is no evidence that the amount so paid was available in that account during 1943. There is no evidence that Bartmann had the right to draw checks against that account in 1943. There is no evidence that the petitioner had any account anywhere in 1943 in which there were sufficient funds for payment to Bartmann and on which Bartmann was authorized to draw. Thus the evidence adduced in this proceeding fails to support the theory that there was either payment or receipt, constructive or otherwise, in the taxable year. Martinus & Sons v. Commissioner, 116 Fed. (2d) 732; Claude Patterson Noble, 7 T.C. 960. Moreover, even if the petitioner had proved a basis for "constructive receipt" by his payee, *248 it does not follow that the doctrine of "constructive payment" would be applicable to him. Cf. Vander Poel, Francis & Co., 8 T.C. 407 (Feb. 25, 1947). We conclude that the payment in question was not made within the taxable year. For that reason we hold that the Commissioner properly denied the deduction claimed by the petitioner. The Commissioner's additional reason for disallowance would apply, if at all, to a year which is not before us. Consequently, we do not pass upon that question in this proceeding. Decision will be entered for the respondent.