**FETZER REFRIGERATOR CO. and Louisville Cooler Mfg. Co., Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 20373.**

United States Court of Appeals, Sixth Circuit.

Feb. 5, 1971.

Richard Halberstein, Dept. of Justice, Washington, D. C., for defendant-appellant; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., on brief; John L. Smith, U. S. Atty., Louisville, Ky., of counsel.

William G. Hume, Louisville, Ky., for plaintiffs-appellees; S. J. Stallings, Louisville, Ky., on brief.

Before EDWARDS, PECK and Mc-CREE, Circuit Judges.

JOHN W. PECK, Circuit Judge.

The sole issue presented on this appeal is whether, for purposes of Section 267(a) (2) of the Internal Revenue Code of 1954,[1] the controlling shareholder of the taxpayer corporations "constructively received" certain accrued rents, where he had the authority as controlling shareholder and officer to draw

---

1. The applicable portions of Section 267 (a) (2) for purposes of this action are the following:

"(a) Deductions Disallowed.—No deduction shall be allowed—

\* \* \* \* \*

"(2) Unpaid expenses and interest. —In respect of expenses, otherwise deductible under section 162 or 212, or of interest, otherwise deductible under section 163,—

(A) If within the period consisting of the taxable year of the taxpayer and 2½ months after the close thereof (i) such expenses or interest are not paid, and (ii) the amount thereof is not includible in the gross income of the person to whom the payment is to be made; and

(B) If by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(C) If, at the close of the taxable year of the taxpayer or at any time within 2½ months thereafter, both the taxpayer and the person to whom the payment is to be made are persons specified within any one of the paragraphs of subsection (b)."

checks upon the bank accounts of the corporations and the amounts in question had been accrued as payable on the books of the corporations at the time they became due.

For the years 1960 and 1962–64, Clifford L. Fetzer and his wife leased some parcels of real property to the two corporations. Mr. Fetzer was the president and 92 percent shareholder of the Fetzer Refrigerator Co. and secretary-treasurer and 50 percent shareholder of the Louisville Cooler Mfg. Co.[2] The terms of the leases called for the Fetzers to receive each year as rent, the greater amount of a fixed monthly sum payable in advance, or 1 percent of gross sales. At the end of each calendar year, the accountant for the two corporations computed the amount of rents owing to the Fetzers, and recorded the unpaid rents by "debiting rent and crediting accrued expenses." The accrued account consisted mainly of the rents payable to the Fetzers, but it also included accrued rents due on other property and equipment.

Each of the companies was incorporated in Kentucky and reported its income on a calendar year basis, using the accrual method of accounting. The Fetzers used the cash method of accounting for receipts and disbursements in respect of items of gross income. Accordingly, the corporations deducted the full amount of the rent expenses for each year in which they became due, without regard to whether actual payment was made. The Fetzers, however, did not report the accrued rents as income until the year following the year in which the corporations claimed their deductions. The Commissioner disallowed the deductions for rent expenses for each of the above years and assessed deficiencies against each corporation.

The corporations brought a suit in the District Court seeking a refund of the respective taxes and interest totaling $13,293.05. After submitting their pleadings and affidavits, both sides moved for a summary judgment. The corporations' motion was granted and the Commissioner did not appeal concerning the rents accrued during 1964 because the corporations had given a note to the Fetzers for that year. The Commissioner agreed that the holding of this court in Musselman Hub-Brake Co. v. Commissioner of Internal Revenue, 139 F.2d 65 (6th Cir. 1943), requires that taxpayers be allowed to deduct rent expenses in such circumstances. As a result, this appeal is concerned with only the three years 1960, 1962 and 1963.

The Commissioner relies on the provisions of Section 267(a) (2) of the Code, which if they have application to the taxpayers herein, require that the subject deductions be disallowed. A consideration of the background of that section may therefore be helpful. This Court, speaking through Judge Hamilton, described the occasion for the passage of the predecessor section of Section 267(a) (2), *supra*, in Musselman Hub-Brake Co. v. Commissioner of Internal Revenue, *supra*, as follows (p. 66):

"The Joint Committee on tax evasion and avoidance of the 75th Congress found that many corporations credited on their books to their controlling stockholder incurred business expenses and accrued interest and deducted them from gross income without the stockholder including such items in his gross income for the current year, and that the corporation paid the credits to the stockholder in a subsequent year when his net income was low, which resulted in the stockholder shifting his taxable income from a high to a low bracket.

"The committee also found that some debtors kept their accounts on an accrual basis and the creditor reported his income on a cash basis which re-

---

2. The remaining 8 percent of Fetzer Refrigerator Co. stock is owned by Mr. Fetzer's two sons (4 percent each), and the remaining 50 percent of Louisville Cooler Mfg. Co. stock is owned by one of those sons.

sulted in the debtor taking the deduction in one taxable year and the creditor reporting the income in another. The committee found too that in some cases corporations made credits on their books to their controlling stockholder of items deductible from gross income and such credits were subsequently extinguished with the result that they were at no time reported by the stockholder." (Citations omitted.)

In order for Section 267(a) (2) to apply, each of its requirements must first be satisfied. Geiger & Peters, Inc., 27 T.C. 911, 918 (1957). Such satisfaction as to only one requirement is in dispute. Paraphrased, this requirement provides that the amounts involved be includable in the gross income of the person to whom the payment is to be made within the taxable year of the taxpayer or two and one-half months after the close thereof. Int. Rev. Code of 1954, § 267(a) (2) (A). To determine whether the amounts are includable in the gross income of such person, the Regulations for Section 267 refer to the rules of constructive receipt which are found in the Regulations under Section 451 of the Code. Treas.Reg. § 1.267(a)–1(b)1(iii) (1958).

Regulations Section 1.451–2(a) gives the following definition of constructive receipt of income:

> " * * * Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or *so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given* * * *." (Emphasis supplied.)

As has been pointed out in Hyland v. Commissioner of Internal Revenue, 175 F.2d 422 (2d Cir. 1949), "[c]onstructive receipt of income by a taxpayer on the cash receipts basis is a creature of the Regulations; they prescribe the condi-

tions which make the doctrine applicable." 175 F.2d at 423. Thus, our purpose here is to determine whether the facts of this case permit a finding of constructive receipt within the language of Section 1.451–2(a) above.

In Ross v. Commissioner of Internal Revenue, 169 F.2d 483 (1st Cir. 1948), Justice Frankfurter described the coverage of the doctrine of constructive receipt of income in the following manner: "The doctrine of constructive receipt treats as taxable income which is *unqualifiedly subject to the demand of a taxpayer* on the cash receipts and disbursements method of accounting, whether or not such income has actually been received in cash. * * *." (Emphasis supplied.) There was no evidence presented in this case to negate the conclusion that the rents due Mr. Fetzer were subject to his unqualified demand. *See* O. H. Kruse Grain & Milling, 28 T.C.M. 419 (1959). Nothing herein indicates that any limitations had been placed upon Mr. Fetzer's right to withdraw the funds at any time after the rents became due. The Commissioner did not deny that the taxpayer corporations had the ability to pay Mr. Fetzer during 1960, 1962 and 1963. Although Mr. Fetzer never physically received the amounts due him, he did possess the power and the right to receive the payments. Under these circumstances, it is clear that Mr. Fetzer "could have drawn upon [the rent due] during the taxable year if notice of intention to withdraw had been given." Treas.Reg. § 1.451–2(a).

Consistent with this reasoning, many of the cases involving section 267(a) (2) in which no constructive receipt was found, turned on the fact that the shareholder's failure to receive the income was not the result of his own choice. *E. g.*, Young Door Co., 40 T.C. 890 (1963); Basil F. Basila, 37 T.C. 111 (1961). Where limitations were placed on the shareholder's right to receive payments, the courts have been reluctant to find constructive receipt, even though the controlling shareholder possessed the

power to extract the payments prior to the time he was to be paid. *E. g.,* Young Door Co., 40 T.C. at 895–896; Basil F. Basila, 37 T.C. at 117. At the other end of the spectrum are cases such as Musselman Hub-Brake Co. v. Commissioner of Internal Revenue, *supra,* in which constructive receipt was found because the shareholder had control over the payment of the funds of the corporation and held notes with a readily realizable value of par executed by the corporation. Indeed, as has been hereinabove pointed out, in the present case the Commissioner conceded that because the corporations gave the Fetzers a note for the 1964 accrued rent, constructive receipt by them had occurred. However, such clear evidence of the obligation as such notes has not generally been required, and constructive receipt has been found where the controlling shareholder had the right to make payment and the amounts due him were credited on the books of the corporation without any restrictions placed on his right to receive the payments. *E. g.,* Platt Trailer Co., 23 T.C. 1065 (1955). In one case, the tax court found that constructive receipt was present although the corporation did not have sufficient cash on hand to pay the amounts when due, but could have borrowed the funds necessary to make the payments. Ohio Battery & Ignition Co., 5 T.C. 283 (1945). In our view, the facts of the present case fall within the realm of these latter cases.

The Commissioner urges, however, that for the accrued rents to be constructively received, they must have been set aside in a separate account for the Fetzers. We disagree. The accountant for the two corporations stated in his affidavit that the accounts in question consisted primarily of the accrued rents due the Fetzers. In small family-owned corporations, there is not the same need for multiplicity of accounts as might be required for a large corporation with many officers and shareholders. *See* O. H. Kruse Grain & Milling at 423.

While not rising to the dignity of a model of precision, the book entries reflecting the accrual of the amounts in question are capable of no interpretation other than the implementation of an intent to so earmark the sums in question. This conclusiveness, in our view, satisfies the requirement of the Regulations. This conclusion is not inconsistent with the contrary result reached in Hyland v. Commissioner of Internal Revenue, *supra,* since the record therein failed to establish the power of the controlling shareholder to draw upon the corporation's depository.

Affirmed.