956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gusty A. RINI, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 91-1774.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Gusty A. Rini, appeals from an adverse decision of the United States Tax Court, which held that Rini's treatment of funds from his individual retirement account ("IRA") constituted a taxable event. For the reasons that follow, we affirm the decision of the Tax Court.
 
 
 2
 * On October 8, 1986, Rini's wife of fifteen years commenced an action for divorce in the Domestic Relations Division of Cuyahoga County, Ohio's Common Pleas Court. At that time, Rini was and had been a participant in a group retirement plan offered through his employer. Prudential Insurance Company of America ("Prudential") served as custodian of the plan. Under the Internal Revenue Code, funds deposited in Rini's IRA were not subject to immediate taxation.[1] During the pendency of the divorce action, Rini decided to transfer the funds in his Prudential IRA to an IRA with Shearson, Lehman and Hutton ("Hutton").
 
 
 3
 Prudential, however, refused to release Rini's funds unless Mrs. Rini consented to the withdrawal. The soon-to-be-divorced Mrs. Rini refused to grant her unconditional consent. After some negotiation, Mrs. Rini agreed to the withdrawal of the funds, subject to the condition that the funds not be used or dissipated without her consent.
 
 
 4
 On December 2, 1986, Judge Gallagher of the Cuyahoga County Common Pleas Court signed an "Agreed Judgment Entry" for interim and temporary support. In paragraph five thereof, the parties agreed as follows: "Wife agrees to sign the papers necessary for husband to withdraw his annuity fund. It is agreed that said money will be put aside and will be restrained. Said money shall not be used or dissipated unless agreed to by both parties and their attorneys." The Judge, both parties, and their attorneys signed the Agreed Judgment Entry.
 
 
 5
 On December 19, 1986, Rini withdrew from his Prudential IRA $14,571.51, which he received in the form of a check. Prudential was neither bankrupt nor insolvent at this time. On February 19, 1987, Rini deposited the funds in a regular account, not an IRA, at Dollar Bank. Prior to April 15, 1987, and with Mrs. Rini's permission, Rini withdrew $2,000 from the Dollar Bank account and deposited it in an IRA with Hutton. The tax consequences of this withdrawal are not at issue. The balance of the funds remained in the Dollar Bank account.
 
 
 6
 The Cuyahoga County Common Pleas Court granted Mrs. Rini a divorce from Rini by a Judgment of May 4, 1988, nearly eighteen months after Rini withdrew the funds from Prudential. This withdrawal completely released the funds from the constraints imposed by the Agreed Judgment Entry. Rini immediately withdrew the remainder of the funds at Dollar Bank as well as the accumulated interest and deposited the money in the Hutton IRA.
 
 
 7
 The Commissioner of Internal Revenue ("Commissioner") determined that Rini's treatment of these funds constituted a taxable premature distribution. He issued a statutory notice of a deficiency in income taxes in the amount of $6,678, which included an excise tax that applied because the distribution was premature. Rini challenged, before the Tax Court, the Commissioner's determination of deficiency.
 
 
 8
 On March 4, 1991, the Tax Court issued an opinion upholding the Commissioner's deficiency determination. It entered the decision on April 9, 1991, and Rini filed a timely notice of appeal.
 
 II
 
 9
 A thorough understanding of the issues on appeal requires a brief explanation of the statutory background. An IRA is a tax deferment device. Funds contributed to an IRA are not taxed until they are withdrawn. See 26 U.S.C. §§ 62(a)(7), 408(d)(1). Once a taxpayer withdraws the funds, however, he may avoid taxation of the funds only if he deposits the funds in another IRA (rolls over the account) within sixty days of the withdrawal. See 26 U.S.C. § 408(d)(3)(A).
 
 
 10
 Rini accumulated $14,571.51 in his Prudential IRA. He withdrew these funds on December 19, 1986. On February 19, 1987, Rini deposited the funds in a Dollar Bank account that was not an IRA. Not until May 4, 1988, did Rini withdraw the funds, other than the $2,000, from the Dollar Bank account and deposit them in the Hutton IRA--nearly one and a half years after the withdrawal from the Prudential IRA.
 
 
 11
 The Commissioner asserts that Rini missed the authorized sixty-day rollover window. Rini responds, essentially, that the Agreed Judgment Order deprived him of the power to control the funds and that the Order somehow tolled the sixty-day rollover period.
 
 
 12
 * Rini first contends that the funds never became income taxable to him. He argues that "the funds did not become income, taxable to him, until he acquired an unfettered, and an unencumbered dominion over the money, i.e., until he had acquired the ability to dispose of, dissipate, spend, pledge as collateral, borrow from, or borrow against the funds. In other words, he needed the ability not only to deposit, but also the ability to withdraw the funds." He also argues that he never constructively received the funds.
 
 
 13
 Rini's argument that the funds never became income taxable to him lacks merit. Gross income includes all income from whatever source derived. 26 U.S.C. § 61(a). Rini's gross income for each year, therefore, included any amounts he contributed to the Prudential IRA during that year. Rini misconceives the way that amounts contributed to IRA's are treated. Under 26 U.S.C. § 62(a)(7), taxpayers are allowed to deduct retirement savings from gross income, in compliance with 26 U.S.C. § 219, to arrive at adjusted gross income. Under 26 U.S.C. § 219, an individual may deduct up to $2,000 per year if he contributes that amount to a qualified retirement plan, such as an IRA. Thus, the effect of contributing income to an IRA is not to prevent it from becoming income; the contribution merely qualifies the taxpayer for a statutory deduction from gross income, effectively deferring taxation until withdrawal.
 
 
 14
 Rini's argument also proceeds upon a faulty premise. He states that "the funds did not become income, taxable to him until he acquired an unfettered, and an unencumbered dominion over the money...." This argument necessarily and incorrectly assumes that Rini never obtained an unfettered dominion over the money. Rini did obtain an unfettered dominion over the money at the time that he initially received it as pay. He exercised that dominion by placing the money in the Prudential IRA, later signing the Agreed Judgment Entry that restrained his use of the funds, and then withdrawing the funds and depositing them in the Dollar Bank account.
 
 
 15
 Similarly without merit is Rini's contention that the Commissioner's position is erroneous because Rini did not "constructively receive" the funds until May 4, 1988, when he withdrew the funds from the Dollar Bank account and placed them in the Hutton IRA. The "constructive receipt" doctrine is a tax accounting concept that requires certain cash-basis taxpayers, who ordinarily report their income only as they receive cash, to report as income any amount that,
 
 
 16
 "although not already reduced to [the] taxpayer's possession, ... is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or if he could have drawn upon it during the taxable year if notice of intention to withdraw had been given...."
 
 
 17
 Fetzer Refrigerator Co. v. Commissioner, 437 F.2d 577, 579 (6th Cir.1971) (quoting Treas.Reg. § 1.451-2(a)).
 
 
 18
 Constructive receipt is a doctrine applied to determine whether funds should be included in a taxpayer's gross income when the taxpayer has never exercised complete control over the funds. In the case of an IRA, the contributed funds must be included in the taxpayer's gross income, but he qualifies for a statutory deduction and exemption that effectively defer the taxation of the funds. Because the contributed funds already have been included in income, the constructive receipt doctrine is simply irrelevant. Rini must continue to qualify for the deduction and exemption, or the deferral of taxes ends. Finally, there is no doubt that Rini exercised the necessary control over the funds: he initially placed them in the Prudential account; he voluntarily signed the Agreed Judgment Entry that restricted his use of the funds; and he withdrew the funds and deposited them in the Dollar Bank account for over a year and then withdrew them.
 
 B
 
 19
 There is one statutory provision that extends the sixty-day rollover window if the funds in a taxpayer's IRA become a "frozen deposit." See 26 U.S.C. § 408(d)(3)(F). Because Rini stipulated that Prudential was neither bankrupt nor insolvent, however, the Tax Court correctly concluded that the funds did not qualify for treatment as a frozen deposit. Except for this limited tolling provision, which applies only if the custodial financial institution is bankrupt or insolvent, there is no statutory provision that permits extension of the sixty-day rollover period under Rini's circumstances.
 
 C
 
 20
 Rini finally argues that the sixty-day rollover period did not begin to run until May 4, 1988, when the grant of divorce lifted the constraints imposed by the Agreed Judgment Entry. Given the clear language of the statute, this argument must fail.
 
 
 21
 Tax treatment of distributions from IRA's is controlled by 26 U.S.C. § 408(d), which states that, "[e]xcept as otherwise provided in this subsection, any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee...." A narrow exception to this general rule is provided by 26 U.S.C. § 408(d)(3)(A):
 
 
 22
 Paragraph (1) does not apply to any amount paid or distributed out of an individual retirement account ... if--
 
 
 23
 (i) the entire amount received ... is paid into an individual retirement account ... not later than the 60th day after the day on which he receives the payment or distribution.
 
 
 24
 The statutory language is explicit; any amounts distributed shall be included in gross income unless a taxpayer qualifies for an exception within the subsection. To avoid taxation, then, Rini must show that the constraint imposed by the Agreed Judgment Entry prevented him from "receiving" the distribution, within the meaning of the statute, until May 4, 1988.
 
 
 25
 Rini's argument is not supported by the plain meaning of the term "receive." Rini "received" the distribution either when he withdrew the funds from Prudential or when he deposited the funds at the Dollar Bank. Rini fails to cite any authority that stands for the proposition that a taxpayer does not "receive" a distribution until the funds are free of any constraints, such as the Agreed Judgment Entry.
 
 
 26
 It is apparent that the rollover provisions allow a taxpayer to avoid taxation only if the taxpayer holds the funds outside of an IRA for less than sixty days. The only exception to the sixty-day rollover window for which Rini might possibly qualify arises when a custodial financial institution is bankrupt or insolvent. Rini stipulated that Prudential was neither bankrupt nor insolvent.
 
 III
 
 27
 For the foregoing reasons, the decision of the Tax Court is AFFIRMED.
 
 
 
 [1]
 Under the Internal Revenue Code, qualified persons may contribute up to $2,000 per year to an IRA. See 26 U.S.C. § 408(a)(1). Income tax on this amount is deferred, and the interest that accumulates over the ensuing years is not taxed as it is earned. As the taxpayer begins to withdraw the funds at retirement, he becomes liable for income taxes on the amounts contributed and the interest accumulated. If the taxpayer withdraws any of the funds before he reaches age 59 1/2, he incurs a penalty. If the taxpayer wishes to move the account from one custodian to another (roll over the account), the Internal Revenue Code allows sixty days after the withdrawal of the funds from the old account. If the taxpayer fails to deposit the funds in another IRA within that time, the withdrawal becomes a taxable event