LOUIS G. AND RITA T. HOOPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hooper v. Commissioner
Docket No. 19020-93
United States Tax Court
T.C. Memo 1995-108; 1995 Tax Ct. Memo LEXIS 113; 69 T.C.M. (CCH) 2087; March 20, 1995, Filed *113 Decision will be entered under Rule 155. For petitioner: Robert P. Schalk. For respondent: William D. Reese. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 37,785 in petitioners' Federal income tax for 1989. After concessions by the parties, the sole issue for decision is whether petitioners are liable for tax on constructive receipt of rental income from their wholly owned real estate corporation in the amount of $ 9,000. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time of the filing of the petition, petitioners Louis G. Hooper (Mr. Hooper) and Rita T. Hooper (Mrs. Hooper), his wife, resided in Tahoe City, California. Petitioners are cash basis taxpayers. On May 31, 1982, petitioners purchased commercial real estate located in Tahoe City, California. Between 1982 and 1989, petitioners rented this property to Gordon Hooper Real *114 Estate, Inc. (the corporation), their wholly owned corporation. Mr. Hooper was the president and chief financial officer of the corporation, and Mrs. Hooper was the vice president and secretary. Mrs. Hooper maintained the books, records, and accounts for the corporation. The corporation is a cash basis taxpayer. From January through May 1989, the corporation paid rent to petitioners at the rate of $ 3,000 per month. In a board of directors meeting held in June 1989, the directors of the corporation decided that no rental payments would be made to petitioners from June through August 1989. Mrs. Hooper did not make any entries or accruals on the books of account of the corporation to pay any rent to petitioners after May 31, 1989. The corporation paid no rent to petitioners for June, July, and August 1989. The corporation had sufficient funds to make the rental payments for these months. On August 1, 1989, petitioners contributed the property to the corporation. On their 1989 Federal income tax return, petitioners reported rental income from the corporation in the amount of $ 15,000 for 1989. This amount represented rental payments of $ 3,000 per month received by petitioners *115 from the corporation for January through May 1989. In the notice of deficiency, respondent determined that petitioners had additional rental income of $ 9,000 in 1989 from the corporation for June, July, and August. OPINION Section 1.446-1(c)(1)(i), Income Tax Regs., requires a cash basis taxpayer to include in gross income for the taxable year all income actually or constructively received by the taxpayer. Section 1.451-2(a), Income Tax Regs., provides the rules relating to constructive receipt: Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. * * *
Petitioners maintain that, because the corporation did not make any entries or accruals on its books of account to pay rent to petitioner for the 3-month period in issue, *116 petitioners could not have constructively received such rental income. Petitioners rely on Fetzer Refrigerator Co. v. United States, 437 F.2d 577 (6th Cir. 1971), and O.H. Kruse Grain & Milling v. Commissioner, T.C. Memo. 1959-110, affd. 279 F.2d 123 (9th Cir. 1960), as authority for the proposition that constructive receipt of rent to a cash basis lessor will only be found where there are corresponding entries for the rental expense made on the books of the corporate lessee. In those cases, we held that the accrual of a rental expense on the books of an accrual basis, closely held corporation is evidence of constructive receipt of rental income by a shareholder-lessor of the corporation. We treated the accrued rent accounts in the books of the corporations in those cases as earmarking or setting aside such amounts for the respective shareholder-creditors and held that the taxpayer-lessors constructively received such income. Fetzer Refrigerator Co. v. United States, supra at 580; O.H. Kruse Grain & Milling v. Commissioner, supra. *117 Petitioners' reliance on Fetzer Refrigerator Co. and O.H. Kruse Grain & Milling is misplaced because, unlike the corporation here, the corporate lessees in those cases were accrual basis taxpayers. Under the accrual method of accounting, a liability is incurred, and generally taken into account for Federal income tax purposes, in the taxable year in which all of the events have occurred that establish the fact of the liability, the amount of the liability can be determined with reasonable accuracy, and economic performance has occurred with respect to the liability. Sec. 1.461-1(a)(2), Income Tax Regs. In contrast, a taxpayer using the cash receipts and disbursements method of accounting generally takes a liability into account for the taxable year in which the liability is paid. Sec. 1.461-1(a) (1), Income Tax Regs.
The absence of an accrual for the corporation's rental expense to petitioners for the 3-month period is not controlling here. As a cash basis taxpayer, the corporation should not have recorded any rental expense to petitioners for June, July, and August, because it made no payments to petitioners. The absence of any entries has no bearing on whether or *118 not the corporation had an obligation to pay rent to petitioners for the 3-month period or whether petitioners constructively received the payments. Furthermore, section 1.451-2, Income Tax Regs., does not require that a credit be made to a cash basis taxpayer's account in order for that taxpayer constructively to receive the income. Respondent contends that petitioners constructively received rental income for the 3-month period, because such rental income was "otherwise made available" to petitioners as required by section 1.451-2, Income Tax Regs. In the corporate context, the phrase "otherwise made available" has been construed to mean that the taxpayer has both the right and the power to obtain the income. Estate of Ash v. Commissioner, T.C. Memo. 1981-575 (citing Hyland v. Commissioner, 175 F.2d 422 (2d Cir. 1949), affg. a Memorandum Opinion of this Court). We agree with respondent that petitioners had both the right to receive the rental income from the corporation for the period in question and the power to do so. Petitioners wholly owned the corporation and were the directors, president, vice president, secretary, *119 and chief financial officer of the corporation. Petitioners decided in a board of directors meeting held in June 1989 that the corporation would have no further rental liability to petitioners after May 31, 1989. Petitioners remained the owners of the rental property that was used by the corporation until August 1989 when petitioners contributed such property to the corporation. Petitioners did not present any evidence suggesting that the use of the rental property by the corporation changed during those months or that the rental value of the property declined. Thus, despite petitioners' decision not to be paid rental income for those 3 months, petitioners were entitled to this income and continued to have the right to receive such income until they contributed the property to the corporation. Because petitioners exercised absolute control of the corporation, they also had the power to receive rental income from the corporation. There is no evidence that petitioners were restricted in any way from withdrawing rental income from the corporation. See Utley v. Commissioner, 906 F.2d 1033, 1038 (5th Cir. 1990), affg. in part and vacating in *120 part T.C. Memo. 1988-575. Furthermore, the corporation had sufficient funds to pay such rent to petitioners. Thus, the funds for the rental income were unqualifiedly available to petitioners. Fetzer Refrigerator Co. v. United States, supra at 579; O.H. Kruse Grain & Milling v. Commissioner, supra.They simply chose not to have their corporation pay themselves. We hold that, pursuant to section 1.451-2, Income Tax Regs., petitioners constructively received rental income for June, July, and August 1989 and made a constructive contribution of capital to the corporation for this amount. See Parks v. Commissioner, T.C. Memo. 1967-16 (taxpayer in constructive receipt of amount of unidentified credit on books of wholly owned corporation and constructively contributed this amount to the corporation). Decision will be entered under Rule 155.