T.C. Memo. 1999-242


UNITED STATES TAX COURT


UNICO SALES & MARKETING, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1484-98.                    Filed July 23, 1999.


Fred A. Foley, for petitioner.

Eric R. Skinner, for respondent.


MEMORANDUM OPINION

LARO, Judge:  The parties submitted this case to the Court without trial.  See Rule 122.  Petitioner petitioned the Court on January 26, 1998, to redetermine respondent's determination of deficiencies in petitioner's Federal income tax for fiscal years ended April 30, 1990 and 1991.  Respondent determined petitioner

must compute its income and expense on the cash receipts and disbursements method (cash method) rather than an accrual method, and respondent changed petitioner's method of accounting accordingly. The resulting deficiencies in tax and additions to tax are as follows:

| Year ended April 30 | Deficiency | Additions to tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|---|---|---|---|
| 1990 | $107,136 | $27,454 | $21,427 |
| 1991 | 73,366 | 22,667 | 14,673 |

After concessions by the parties, we decide the following issues:

1. Whether petitioner may deduct unpaid accrued wages of $200,000 and $18,250 for taxable years ended April 30, 1990 and 1991, respectively. We hold it may not.

2. Whether petitioner is liable for penalties for negligence determined by respondent under section 6662(a). We hold it is.

Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

All facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference. Petitioner's principal place of business was in Troy, Michigan, when it petitioned the Court. During all relevant times, F. Douglas Forier (F. Forier) owned 100 percent of petitioner's outstanding stock, and F. Forier, Margaret Forier

(M. Forier) and Richard Forier (R. Forier) were petitioner's officers and directors. F. Forier and M. Forier (the Foriers) had signature authority over petitioner's bank accounts.

For the subject years, petitioner filed Federal income tax returns purporting to utilize an accrual method of accounting. On these returns, petitioner accrued and deducted unpaid expenses of $286,665 and $199,994 for the respective subject years. The $286,665 includes $200,000 in unpaid accrued wages to the Foriers, and the $199,994 includes $18,250 in unpaid accrued wages to the Foriers. The Foriers did not include these wages in their income until petitioner actually paid them.[1] Petitioner had sufficient cash on hand to pay the accrued wages as of the close of each taxable year.

Respondent determined and petitioner now agrees that petitioner should have reported its income under the cash method. Respondent disallowed the deduction of all unpaid accrued expenses claimed on petitioner's returns. Petitioner concedes the adjustments in each year except with respect to the unpaid accrued wages to the Foriers. Petitioner contends that the wages

---

[1]The Foriers were cash basis, calendar year taxpayers. Petitioner paid the $200,000 in wages accrued in 1990 in two installments on June 30, 1992, and December 19, 1992, and the Foriers included it in their income for 1992. Petitioner paid the $18,250 accrued in 1991 on August 2, 1991, and the Foriers included it in their income for 1991.

were constructively received by the Foriers when accrued, thus constructively paid and deductible.

## Discussion

Petitioner has dredged up the deeply buried, oft-rejected "constructive payment" doctrine. Respondent contends petitioner, a cash method taxpayer, may deduct the wages at issue only when actually paid. Petitioner contends that the Foriers could have drawn the accrued wages when they wished and that they were in constructive receipt of the wages. Therefore, the argument goes, the doctrine of constructive payment should be applied under these facts, and petitioner should be allowed to deduct the unpaid accrued wages. We disagree.

Respondent's determination is presumed correct, and petitioner bears the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner concedes it is a cash basis taxpayer. As such, it may only deduct expenditures in the year paid. See secs. 446, 461; secs. 1.446-1(c)(1), 1.461-1(a)(1), Income Tax Regs. While a cash basis taxpayer must include in income amounts actually or constructively received during the year, see sec. 451 and sec. 1.451-1, Income Tax Regs., there is no such provision for constructive payment. It is now horn-book law that "constructive payment" is not a necessary corollary of "constructive receipt," and what may be income to one may not be a deductible payment by the other. See Citizens

Fed. Sav. & Loan v. Commissioner, 30 T.C. 285 (1958); William J. Lemp Brewing Co. v. Commissioner, 18 T.C. 586 (1952); Vander Poel, Francis & Co. v. Commissioner, 8 T.C. 407 (1947); Sandoval v. Commissioner, T.C. Memo. 1979-430; 2 Mertens, Law of Federal Income Taxation, sec. 10:33.50, at 80 (1991 rev.).

Petitioner misplaces reliance upon such cases as Fetzer Refrigerator Co. v. United States, 437 F.2d 577 (6th Cir. 1971), and Hyplains Dressed Beef, Inc. v. Commissioner, 56 T.C. 119 (1971), to support its position that constructive receipt is the appropriate standard. Those cases, which are inapposite, involved application of the matching principle of section 267(a)(2), which matching principal is: An accrual basis taxpayer is not entitled to deduct currently any amount if it is payable to a related person and, because of the payee's method of accounting, the item is not currently includable in the payee's gross income. See sec. 267(a)(2); Tate & Lyle, Inc. & Subs. v. Commissioner, 103 T.C. 656, 659-661 (1994), revd. and remanded on other grounds 87 F.3d 99 (3d Cir. 1996). Section 267 applies when the mismatching arises because the parties use different methods of accounting. That is not the case here. Petitioner and the Foriers are cash basis taxpayers. There is no mismatching of a deduction and inclusion due to different accounting methods. Petitioner distorts the language of section 267, arguing that such language would allow a cash basis taxpayer

to deduct unpaid expenses if the party to whom the expenses were paid is in constructive receipt. We find this argument meritless and hold petitioner may not deduct the unpaid wages.[2] We sustain respondent's determination.

Respondent determined petitioner is liable for the accuracy-related penalty under section 6662(a) and (b)(1) for both years in issue. That section imposes a penalty equal to 20 percent of the portion of an underpayment that is attributable to, among other things, negligence. Petitioner will avoid this penalty if the record shows that it was not negligent; i.e., it made a reasonable attempt to comply with the provisions of the Internal Revenue Code and was not careless, reckless, or in intentional disregard of rules or regulations. See sec. 6662(c); Accardo v. Commissioner, 942 F.2d 444, 452 (7th Cir. 1991), affg. 94 T.C. 96 (1990); Drum v. Commissioner, T.C. Memo. 1994-433, affd. without published opinion 61 F.3d 910 (9th Cir. 1995). Negligence connotes a lack of due care or a failure to do what a reasonable and prudent person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1 (1989), affd. 925 F.2d 348 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).

---

[2]Petitioner's argument is rendered particularly meritless by the fact that the Foriers apparently did not believe they were in "constructive receipt" of the wages when accrued by petitioner since they did not include the wages in income until actually paid.

The accuracy-related penalty of section 6662 is not applicable to any portion of an underpayment to the extent that the taxpayer has reasonable cause for that portion and acts in good faith with respect thereto.  See sec. 6664(c)(1).

The facts in the stipulated record fail to persuade us that petitioner was not negligent or that reasonable cause existed for petitioner's position on the returns.  On the contrary, petitioner conceded the validity of respondent's determination that its income should be computed on the cash method, and petitioner conceded a large part of respondent's determination in each year.  There is no evidence petitioner was not negligent regarding the conceded items.  Likewise, there is no evidence petitioner was not negligent or that reasonable cause exists regarding its deduction of the unpaid accrued wages.  We sustain respondent's determination.[3]

To reflect the foregoing,

Decision will be entered

for respondent.

---

[3]Because we hold petitioner is liable for the negligence penalty under sec. 6662(a) and (b)(1), we need not address respondent's alternative position that there was a substantial understatement or petitioner's argument that the items were disclosed on the returns.