JOHN C. CLEAVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5663. Promulgated March 12, 1946.

*H. C. Hirschboeck, Esq.*, and *Warner H. Henrickson, Esq.*, for the petitioner.
*Carroll Walker, Esq.*, for the respondent.

**OPINION.**

KERN, *Judge*: In 1941 petitioner executed three notes by which he agreed to pay to a bank five years after the date of the notes an aggregate sum of approximately $69,000 with interest payable in advance at the rate of 2¼ percent per annum from date to maturity. The interest so calculated amounted to approximately $8,000. The bank,

at the time of the execution of the notes, gave to petitioner the approximate sum of $61,000 which represented the principal of the notes less the amount of interest for five years. Petitioner was on the cash basis of accounting. The narrow issue before us is whether petitioner is entitled to deduct from his gross income in 1941 the amount of $8,000 as "interest paid or accrued within the taxable year on indebtedness * * *" pursuant to section 23 (b) of the Internal Revenue Code.

The respondent makes no contention that the discount figure of $8,000 does not constitute interest, but does contend that petitioner did not pay it in 1941. He relies upon section 43 of the Internal Revenue Code, which is set out in the margin.[1]

If an interest obligation is satisfied by the execution of a new note by the debtor on a cash basis, the interest will not be considered as "paid" within the meaning of section 23 (b). *J. W. Solof*, 1 B. T. A. 776; *Utah Orpheum Co.*, 3 B. T. A. 1041; *Francis R. Hart*, 21 B. T. A. 1001; affd., 54 Fed. (2d) 848. See *Eckert* v. *Burnet*, 283 U. S. 140. Similarly, where a taxpayer on the cash basis who is indebted on a note for past due interest borrows from his creditor an amount in excess of this past due interest on a second note, and the creditor gives to the taxpayer the principal amount of the second note less the amount of past due interest on the first note and marks this interest "paid," we have held that no cash payment has been made which would warrant a deduction. See *S. E. Thomason*, 33 B. T. A. 516; *Nina Cornelia Prime, Executrix*, 39 B. T. A. 487; *Albert J. Alsberg*, 42 B. T. A. 61; *L. B. Hirsch*, 42 B. T. A. 566. See also, *Keith* v. *Commissioner*, 139 Fed. (2d) 596.

We can see no distinction in principle between those cases and the case now before us, in which the parties contemplated that as a prerequisite to, and a simultaneous component of, the loan transaction, interest on the face amount of the notes was to be calculated for the full life of the notes and deducted by the lender from the amount to be repaid pursuant to the terms of the notes, and only the excess was made available to the borrower.

We are of the opinion that on the facts here present there was in effect a borrowing of principal and a borrowing of required interest,

---

[1] SEC. 43. PERIOD FOR WHICH DEDUCTION AND CREDITS TAKEN.

The deductions and credits (other than the corporation dividends paid credit provided in section 27) provided for in this chapter shall be taken for the taxable year in which "paid or accrued" or "paid or incurred," dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deduction or credits should be taken as of a different period. In the case of the death of a taxpayer there shall be allowed as deductions and credits for the taxable period in which falls the date of his death, amounts accrued up to the date of his death (except deductions under section 23 (o)) if not otherwise properly allowable in respect of such period or a prior period.

both represented by the notes executed by the petitioner, and, since he was on the cash basis, there can be no deduction by him on account of interest paid until he has paid the notes.

Reviewed by the Court.

*Decision will be entered for respondent.*