NEWTON A. BURGESS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6361.   Promulgated January 17, 1947.

*Lorenz Reich, Jr., Esq.*, for the petitioner.
*William F. Evans, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The first issue presents a purely factual question—Did the petitioner pay to Archer & Co. the sum of $4,219.33 as interest on his indebtedness to that company, or did he, as respondent has held, pay the interest by giving a note which remained unpaid at the end of the year and constituted an addition to the original debt? It is agreed that the petitioner borrowed the $4,000 from the same creditor to whom he owed the larger loan. The only controversy is whether the petitioner actually made a cash payment of interest to Archer & Co. in the total sum of $4,219.33, or only substituted his promise to pay for $4,000 of the amount due. The petitioner was on the cash basis and cash payments of interest made by him on such basis were deductible under the statute. (Sec. 23 (b), I. R. C.)

The salient facts of record are these: On September 16, 1941, the petitioner borrowed $3,000 from the trust company. On October 16, 1941, Archer & Co. sent to the petitioner a bill for the interest (due in advance) on the notes aggregating $203,988.90. On December 20, 1941, the petitioner borrowed $4,000 from Archer & Co., which issued on December 22, 1941, its check to him for that amount. He borrowed from Archer & Co. rather than from the trust company because they charged a lower interest rate. The check was deposited by petitioner in his general account and commingled with other funds in the trust company. The check was cleared by that company on December 27, 1941. On December 26, 1941, the petitioner paid $4,219.33 to Archer & Co. by his check, which was paid on December 31, 1941. On December 26, 1941, not including the proceeds of the $4,000 loan, the petitioner had $3,180.79 in his bank account.

The petitioner did not borrow $4,000 solely to pay his interest due to Archer & Co. This item was one of several bills due in December. The cash received by the petitioner from the proceeds of his $4,000 loan was commingled with his other funds in the trust company. Its identity was lost and it could not be traced to the payment of the interest charge made in response to the notice of October 16, 1941. The petitioner made a cash payment of interest as such. He did not give a note in payment, as held by the respondent. Consequently, the interest payment of $4,000 disallowed by the respondent is properly deductible.

The situation in this case differs from that in *John C. Cleaver*, 6 T. C. 452; affd., 158 Fed. (2d) 342, where the bank computed interest for five years on the principal amount of each note and deducted the interest so calculated from the principal amount of each note and made the balance available to the taxpayer. Obviously, the interest in the *Cleaver* case never went through the hands of the borrower and never passed through his bank account. Though representing interest, it was merely an addition to the principal sum and did not become deductible until the notes were paid. Here the facts differ substantially.

The second issue presents the familiar problem of the proper amount of deduction allowable for sales taxes paid on gasoline and purchases in New York City and for Federal taxes on admissions. In numerous cases we have allowed approximate amounts for expenditures so paid under the reasoning of *Cohan* v. *Commissioner*, 39 Fed. (2d) 540. In that case the court said:

Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can * * *. * * * to allow nothing at all appears to us inconsistent with saying that something was spent. * * * there was obviously some basis for computation, if necessary by drawing upon the Board's personal estimates of the minimum of such expenses.

We have found that $80 is a proper sum allowable as a deduction for such taxes and we so hold.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

----

KERN, J., dissenting: I am unable to agree with the conclusion reached by the majority.

On or before December 30, 1941, petitioner was obligated to pay to Archer & Co. the sum of $4,136.44 as interest upon his notes. While

it would appear that he had funds sufficient to pay his other bills payable, it is obvious that unless he borrowed money he could not pay the interest. He certainly could not pay his other bills and also pay the interest. On or about December 22, 1941, he obtained as an additional loan from Archer & Co. the sum of $4,000. On December 26, 1941, petitioner paid to Archer & Co. $4,219.33, which was the amount due as interest on his notes, plus interest in the amount of $82.89 on the additional loan of $4,000 which was payable in advance. These being the evidentiary facts found, I would conclude that petitioner borrowed $4,000 from Archer & Co. on December 22, 1941, for the purpose of paying interest to Archer & Co. on December 26, 1941, in the total sum of $4,219.33.

If petitioner executed his note to Archer & Co. on December 22, 1941, in the amount of $4,000, and Archer & Co. thereupon credited petitioner's indebtedness to it on account of interest ($4,219.33) by that amount ($4,000), it is clear that petitioner, who was on the cash basis, made no cash payment of interest deductible by him in 1941. *Keith* v. *Commissioner*, 193 Fed. (2d) 596; see *John C. Cleaver*, 6 T. C. 452; affd., 158 Fed. (2d) 342.

In the instant case there are two factual variations: (1) Instead of taking the shortcuts of bookkeeping entries, the parties went through the full performance of Archer & Co. giving its check to petitioner in the sum of $4,000, petitioner depositing this check in his bank, and then petitioner giving his check to Archer & Co. in the sum of $4,000 plus $219.33; and (2) instead of the borrowing of the interest and the payment of the interest being simultaneous, there was a time interval of a few days (including Christmas) between the borrowing and the payment. These variations, in my opinion, are immaterial and can not exempt this case from being governed by the general rule followed in the cases above cited and laid down by the authorities which those cases discuss. That general rule may be stated as follows: When a taxpayer, on a cash basis, borrows money from a creditor with which he pays interest upon a debt owed to that creditor, there has been no cash payment of interest which is deductible from gross income.

MURDOCK, DISNEY, HARRON, OPPER, and JOHNSON, *JJ.*, agree with this dissent.