BURTON FOSTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foster v. Commissioner
Docket No. 1991-71.
United States Tax Court
T.C. Memo 1973-53; 1973 Tax Ct. Memo LEXIS 231; 32 T.C.M. (CCH) 243; T.C.M. (RIA) 73053; March 5, 1973, Filed Theodore McGann and Glen E. Hardy, for the petitioner. Randolph D. Mason, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: 2 Taxable Year
Deficiency
1965
$2,643.49
1966
237.01
Certain adjustments made in respondent's notice of deficiency are not contested by the petitioner. The only issue presented for decision is whether a loan fee of $6,750 withheld from the loan proceeds by the lender at the time of settlement is deductible by the petitioner as interest paid under section 163(a), Internal Revenue Code of 1954, in the year the loan was made or only ratably each year as the principal *232 obligation is discharged. All of the facts are stipulated. The stipulation of facts and exhibits attached thereto are adopted as our findings. The pertinent facts are set forth below. Burton Foster (herein called petitioner), the surviving spouse of Mary M. Foster, was a legal resident of Chevy Chase, Maryland, when he filed his petition in this proceeding. Petitioner timely filed joint Federal income tax returns for the years 1965 and 1966 with the district director of internal revenue at Baltimore, Maryland. He and Mary Foster filed their returns using the cash receipts and disbursement method of accounting during the years 1965 and 1966. On April 9, 1965, petitioner entered into a refinancing arrangement wherein he executed a note in the amount of $225,000 at a stated 3 interest rate of 6 percent payable in monthly installments to the Metropolitan Federal Savings and Loan Association (herein called Metropolitan). This note was secured by a mortgage on rental property located in Bethesda, Maryland. Under the arrangement Metropolitan received the note at closing and surrendered its check for $214,529.90, representing the face amount of the note, $225,000, less *233 the following amounts: Loan fee
$ 6,750.00
Processing fee
135.00
Tax excrow - 10 months
3,585.10
$10,470.10
The loan fee of $6,750 represented a charge for the use or forbearance of money in addition to the 6 percent interest stated on the face of the note. Petitioner contends that the loan fee was a one time charge, deducted from the loan, which deprived him of the use of $6,750 and from which he derived no benefit. Hence he argues that it was an interest expense deductible in full in 1965 when the loan was made. He relies on Rev. Rul. 69-188, 1969-1 C.B. 54, and Rev. Rul. 69-582, 1969-2 C.B. 29. Respondent's position is that the loan fee was not "paid". at the time of closing for the purpose of section 163(a)[1] of the Code, 4 and therefore was not deductible in full in 1965. He acknowledges that the fee was in essence an additional interest charge on the loan, but asserts that the fee is deductible ratably as payments are made on the note. He claims that under the refinancing arrangement the petitioner merely borrowed the amount of the loan fee and paid off a small portion of the indebtedness when each monthly payment *234 was made on the $225,000 note. We agree with the respondent. Where, as here, a lender deducts a certain amount of interest or discount charge from the face amount of a loan, it is in substance a net amount disbursed to the borrower. The note the borrower executes evidences his indebtedness for the net amount of the loan plus interest. Several prior decisions control the disposition of the case before us. See J. W. Solof, 1B.T.A. 776 (1925); A. O'Day, 20 B.T.A. 455 (1930); John C. Cleaver, 6 T.C. 452 (1946), affirmed 158 F.2d 342 (C.A. 7, 1946), certiorari denied 330 U.S. 889 (1947); and John Randolph Hopkins, 15 T.C. 160, 180-182 (1950). This transaction by itself does not represent the payment of interest for cash basis taxpayers. No part of the loan fee (interest) is considered "paid" until actual payments are made on the note. In this case the respondent allowed a deduction with respect to the loan fee to the extent of the allocable portion of payments *235 actually made during the years in question. 5 Petitioner's reliance on the two revenue rulings is misplaced. In both rulings the taxpayer, who was a cash basis mortgagor-borrower, paid from his own funds a "loan processing fee" (points). The funds to pay the fee were not obtained from the lender. Unlike the taxpayers involved in the rulings, the loan fee herein was withheld by the lender. It was not "paid" in full by the petitioner in 1965. Accordingly, we sustain the respondent's determination. Decision will be entered for the respondent. Footnotes
1. SEC. 163. INTEREST. (a) General Rule. - There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness. ↩