BEN W. SARTOR and VIRG M. SARTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sartor v. Commissioner
Docket No. 6813-76.
United States Tax Court
T.C. Memo 1977-327; 1977 Tax Ct. Memo LEXIS 112; 36 T.C.M. (CCH) 1319; T.C.M. (RIA) 770327; September 22, 1977, Filed Kenneth J. Costelle, for the petitioners. Wayne M. Bach, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency of $2,105.78 in petitioners' income tax for 1973. The issue is whether *113 petitioners are entitled to interest deductions for certain discounted loans. This case has been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.Petitioners filed their joint Federal income tax return for the calendar year 1973 with the District Director of Internal Revenue in Louisville, Kentucky, and resided there when they filed the petition herein. On February 7, 1973, petitioner Ben W. Sartor and his daughter, Sally Sturtevant Sartor Ritter, borrowed from Boston Commonwealth, Inc., the principal sum of $60,000. There was immediately deducted from the loan a charge of $20,000. The balance, $40,000, was paid in the amounts of $22,500 to Sally Ritter, $13,500 to petitioner, and $4,000 jointly. The loan was evidenced by a collateral note signed by petitioner and his daughter. On December 18, 1973, petitioner and his daughter obtained a second loan from Boston Commonwealth, Inc., in the principal sum of $35,000. There was immediately deducted from the loan a charge of $9,900. The balance, $25,100, was paid $8,000 to Sally Ritter, $12,000 to petitioner Ben *114 Sartor, and $5,100 jointly. This second loan was also evidenced by a collateral note signed by petitioner and his daughter. The collateral securing both notes consisted of petitioner's interest in his father's estate and Sally Ritter's interest in her grandmother's estate. In addition to the $29,900 interest deduction claimed by petitioners for 1973, they claimed an interest deduction of $5,100 for accrued interest on the February 7, 1973, loan. It has been stipulated that as of January 1, 1974, no payments of either principal or interest had been made on the above loans. Petitioners use the cash receipts and disbursements method of accounting. Thus for 1973 and previous years, petitioners have deducted interest from their home mortgage, personal loans, etc., in the year paid. The issue is whether petitioners are entitled to interest deductions for accrued interest and loan discounts even though petitioners report on the cash method. Petitioners concede that the loan discounts of $29,900 were not actually paid by petitioners in 1973. Nevertheless, petitioners argue that the discounts should be allowed ratably as they accrue over the life of the loans. Respondent contends *115 that petitioners, as cash method taxpayers, are not entitled to deductions for accrued interest or for loan discounts when no principal or interest was paid during the taxable year. We agree with respondent. Petitioners are cash method taxpayers. Cash method taxpayers generally may take deductions only in the year of payment. Helvering v. Price,309 U.S. 409 (1940); section 1.461-1(a)(1), Income Tax Regs. Thus interest is not deductible by cash method taxpayers until actually paid. [1]Burck v. Commissioner,63 T.C. 556 (1975); Mitchell v. Commissioner,42 T.C. 953 (1964). And because payment must be made in cash or its equivalent, Helvering v. Price,supra, no deduction is allowed for interest prepaid by note or by a discounted loan. Nat Harrison Associates, Inc. v. Commissioner,42 T.C. 601 (1964); Cleaver v. Commissioner,6 T.C. 452 (1946), affd. 158 F.2d 342 (7th Cir. 1946), cert. denied 330 U.S. 849 (1947). *116 Petitioners in their brief concede as much. They argue instead that they should be entitled to deduct accrued, unpaid interest under section 446. Because petitioners do not expect to have a significant amount of taxable income in the years when the interest will actually be paid, they argue that they should at least be allowed to deduct the accrued interest ratably over the life of the loans. It must be emphasized at the outset that petitioners do not assert the right to change their method of accounting under section 446(e). Indeed, they have never formally requested the consent of the Secretary to make such a change. A formal request, filed within 180 days after the beginning of the taxable year for which a change is requested, is a condition precedent to approval of such change. Section 446(e); section 1.446-1(e)(3)(i), Income Tax Regs. Petitioners instead contend that respondent abused his discretion under section 446(b) by failing to exercise it. Section 446(b) provides: (b) Exceptions.--If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such *117 method as, in the opinion of the Secretary, does clearly reflect income. By its language, section 446(b) gives the Commissioner the discretion to change a taxpayer's method of accounting if the method employed by the taxpayer does not clearly reflect income. But a change at the instance of the taxpayer generally can be made only upon application of the taxpayer and approval by the Commissioner. Section 446(e); Thompson-King-Tate, Inc. v. United States,296 F.2d 290, 294 (6th Cir. 1961). Petitioners in this case have never applied for a change in their accounting method. The Commissioner's authority to order a change therefore depends upon his finding that petitioners method of accounting does not clearly reflect income. Id.; see also Jones v. Commissioner,306 F.2d 292, 304 (5th Cir. 1962); Patchen v. Commissioner,258 F.2d 544, 548 (5th Cir. 1958). In this regard the Commissioner's authority is clearly discretionary. See, e.g., Brown v. Helvering,291 U.S. 193 (1934); Schram v. United States,118 F.2d 541 (6th Cir. 1941), cert. denied 314 U.S. 695 (1941). The Commissioner made no *118 such finding. We cannot say that the Commissioner abused his discretion by requiring petitioners to return their income and deductions under the accounting method consistently used by them in prior years.If petitioners felt that they needed to change their method of accounting, they could have applied for a change under section 446(e). See also United States v. Kleifgen,     F.2d     (9th Cir., July 20, 1977, 40 AFTR 2d 77-5591, 77-2 USTC par. 9568), affirming in part and reversing in part an unreported District Court decision. They failed to do so. And we do not consider the Commissioner to be obligated under section 446(b) to change petitioners' method for them when they have failed to apply for such a change themselves. Decision will be entered for the respondent. Footnotes
1. Section 461(g), which was added to the Internal Revenue Code of 1954 by section 208(a) of the Tax Reform Act of 1976, was not in force during the taxable year 1973.↩