**Charles H. & Lessie B. DAVISON, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**Docket No. 97–4008.**

United States Court of Appeals, Second Circuit.

Argued March 3, 1998.

Decided March 18, 1998.

**404**

John S. Brown, Bingham, Dana & Gould LLP, Boston, MA (George P. Mair, Donald-Bruce Abrams, Matthew D. Schnall, Bingham, Dana & Gould, on the brief), for Appellants.

Thomas J. Clark, Tax Division, Department of Justice, Washington, DC (Loretta C. Argrett, Assistant Attorney General, Richard Farber, Tax Division, on the brief), for Appellee.

Before NEWMAN, CABRANES and MERRITT,* JJ.

PER CURIAM:

Charles H. and Lessie B. Davison appeal from the judgment of the United States Tax Court (Robert P. Ruwe, *Judge* ), denying their petition for redetermination of deficiencies determined by the Commissioner of Internal Revenue for the 1977 and 1980 tax years. The Tax Court upheld the Commissioner's disallowance of the Davisons' deduction of their allocable share of an interest payment made by a general partnership in which Charles H. Davison was a partner. Because the interest payment was made using funds borrowed from the same lender to whom the interest was owed, for the purpose of making that interest payment, the Tax Court concluded that the true effect of the transaction was to "postpone, rather than pay, the interest." Accordingly, the Tax Court held that the general partnership, and hence the Davisons, could not properly claim a deduction for "interest paid ... within the taxable year on indebtedness," 26 U.S.C. (Internal Revenue Code) § 163(a).

We affirm the judgment of the Tax Court for substantially the reasons stated in its opinion below, *Davison v. Commissioner of Internal Revenue,* 107 T.C. 35, 1996 WL 479682 (1996). In reaching its holding—that meeting interest obligations using funds borrowed for that purpose from the very same lender to whom the interest is owed did not earn the taxpayer a § 163(a) deduction—the Tax Court carefully distinguished and to some degree departed from Tax Court precedents, beginning with *Burgess v. Commissioner,* 8 T.C. 47, 1947 WL 143 (1947), that suggest that such a transaction may give rise to a § 163(a) deduction if the borrower exercises "unrestricted control" over the funds before making the interest "payment." To the extent that this "unrestricted control" test remains good law—and the Tax Court's meticulous analysis, as well as decisions of the Courts of Appeals for the Fifth and Ninth Circuits, *see Battelstein v. IRS,* 631 F.2d 1182, 1184 (5th Cir.1980) (en banc) (rejecting taxpayer's reliance on *Burgess* and suggesting that even if viable, its rule was limited to cases where the purpose of the borrowed funds was not apparent); *Wilkerson v. Commissioner,* 655 F.2d 980, 982 (9th Cir.1981) (denying § 163(a) deduction based on "substance of the transaction," and distinguishing *Burgess* as a case in which the lender's funds were not "earmarked" for the purpose of paying interest owed to the lender), persuade us that it likely is not [1]—we reject it in favor of the rule applied by the Tax Court in the instant case. Where the agreed purpose and economic substance of the transaction is to capitalize and postpone, rather than extinguish, the debtor's interest obligation (through the device of "paying"

---

* The Honorable Gilbert S. Merritt, of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. *See also Burck v. Commissioner,* 533 F.2d 768, 770 n. 3 (2d Cir.1976) (Oakes, *J.,* writing "for himself only") (noting agreement with the dissenting Tax Court judges in *Burgess* ); *Goodstein v. Commissioner,* 267 F.2d 127, 131 (1st Cir.

1959) (declaring, in dicta, the dissent in *Burgess* to be "more persuasive"). *But see Allan v. Commissioner,* 856 F.2d 1169, 1173–74 (8th Cir.1988) (paying interest using loan from same lender to whom interest is owed, where that loan is economically equivalent to a loan from a third party, should give rise to interest payment deduction).

interest now owed using newly-borrowed principal from the same lender that will come due at a future date), a taxpayer should not be able to claim a tax deduction solely because, instead of changing places only on the lender's books, funds are temporarily placed under the debtor's control (as here, where the funds were passed through the partnership's bank account for a single day). We adopt the reasoning, rationale, and holding of the Tax Court's opinion, and affirm its judgment.