**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-37

UNITED STATES TAX COURT

CHARLES MELLOR HARGREAVES AND KARIMA HARGREAVES,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29208-11S.                     Filed May 15, 2013.

Charles Mellor Hargreaves and Karima Hargreaves, pro sese.

Shannon Edelstone, for respondent.

SUMMARY OPINION

HAINES, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 19, 2009, respondent determined a deficiency in petitioners' 2007 Federal income tax of $6,452 and a section 6662(a)[1] accuracy-related penalty of $1,290.[2] After concessions by respondent,[3] the issues for decision are: (1) whether petitioners are entitled to deduct an additional $33,289 of interest for 2007; and (2) whether petitioners are liable for the section 6662(a) accuracy-related penalty for 2007.

## Background

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in California at the time their petition was filed.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for 2007, and Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2] When they petitioned this Court, petitioners did not dispute the receipt of $20 of interest income from ING Direct set out in the notice of deficiency, and they have thereby conceded the issue pursuant to Rule 34(b)(4).

[3] Respondent concedes a qualified residence interest deduction of $30,765 for 2007.

Petitioners timely filed a self-prepared 2007 Form 1040, U.S. Individual Income Tax Return, and claimed a qualified residence interest deduction of $64,054. The notice of deficiency mailed to petitioners allowed a qualified residence interest deduction of $30,765 consisting of $4,499 and $26,266 paid to Bank of America and the First Federal Bank of California (First Federal), respectively, but denied the remaining $33,289 of interest petitioners claimed for 2007.

In 2005 petitioners purchased a home in Los Gatos, California, for $799,000. They paid $159,800 cash as a downpayment and borrowed the remainder of the purchase price, approximately $639,200, from First Federal. The loan petitioners received from First Federal was called a "negative amortization loan", a loan offered to a purchaser to pay a lower interest rate than the actual interest rate which is based on an adjustable index. The difference between the amount of interest petitioners pay to First Federal and the amount of actual interest accrued is the bank's "margin" in a negative amortization loan.

Petitioners received a substitute Form 1098, Mortgage Interest Statement, from First Federal for 2007. The Form 1098 categorized interest paid to First Federal as (1) gross interest paid of $59,554; (2) interest shortage of $33,288; and (3) net interest paid of $26,266. Petitioners deducted the gross interest paid of

$59,554 plus $4,499 paid to Bank of America, or $64,054 on their 2007 Federal income tax return.[4]

The Form 1098 defined "gross interest paid" as "[t]otal interest paid on your mortgage loan". It defined "interest shortage" as "[a]mount of interest charged to your account but remaining unpaid by you after each installment has been applied. This may have resulted in an increase in your principal balance." And "net interest paid" was calculated by subtracting the "interest shortage" from the "gross interest paid". Petitioners paid $26,266 of interest to First Federal in 2007. The interest shortage of $33,288 was added to the principal of the loan. The beginning balance of the loan in 2007 was $669,300, and its ending balance was $702,588. There is no evidence in the record that petitioners paid the interest shortage added as principal to the First Federal loan.

## Discussion

### I. Burden of Proof

Deductions, including those for qualified residence interest, are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer bears the burden of proving entitlement to any deductions claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

---

[4]There is a dollar discrepancy from rounding.

## II. Qualified Residence Interest

Section 163 generally allows a deduction for all interest paid or accrued within the taxable year on indebtedness. Sec. 163(a). However, no deduction is allowed for personal interest paid or accrued during the taxable year unless specifically allowed by statute. Sec. 163(h). Among the enumerated items of deductible personal interest is qualified residence interest. Sec. 163(h)(2)(D). Qualified residence interest is any interest which is paid or accrued during the taxable year on acquisition indebtedness secured by any qualified residence of the taxpayer and interest paid or accrued during the taxable year on home equity indebtedness secured by any qualified residence of the taxpayer. Sec. 163(h)(3)(A). Acquisition indebtedness is indebtedness incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer and is secured by such residence. Sec. 163(h)(3)(B)(i).

There is no dispute that petitioners' home is a qualified residence. The parties also agree that petitioners paid qualified residence interest during 2007. Respondent has conceded that $30,765 was paid, but petitioners are claiming $64,054. The difference of $33,289 is in dispute.

Petitioners are cash receipts and disbursements method taxpayers. Section 1.461-1(a)(1), Income Tax Regs., provides that, under the cash receipts and

disbursements method of accounting, amounts representing allowable deductions shall, as a general rule, be taken into account for the taxable year in which paid. Payment must be made in cash or its equivalent. Davison v. Commissioner, 107 T.C. 35, 41 (1996), aff'd, 141 F.3d 403 (2d Cir. 1998); Smoker v. Commissioner, T.C. Memo. 2013-56. The delivery of a promissory note to satisfy an interest obligation, without an accompanying discharge of the note, is a mere promise to pay and not a payment in a cash equivalent. Don E. Williams Co. v. Commissioner, 429 U.S. 569, 577-578 (1977). Similarly, because First Federal added interest to petitioners' principal on their loan, petitioners are able to postpone paying the interest due to sometime in the future, either over the life of the loan or as part of a balloon payment upon maturity. See Smoker v. Commissioner, T.C. Memo. 2013-56. Because the $33,288 of interest added to petitioners' principal on their loan was not paid in 2007, petitioners are not entitled to a current interest deduction for the $33,288. See Heyman v. Commissioner, 70 T.C. 482, 485-487 (1978), aff'd without published opinion, 633 F.2d 215 (6th Cir. 1980); Smoker v. Commissioner, T.C. Memo. 2013-56.

## III. Accuracy-Related Penalty

Under section 7491(c), respondent bears the burden of production with respect to petitioners' liability for any accuracy-related penalty. To meet this

burden, respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once respondent sustains his burden of production, however, petitioners bear the burden of proving that the penalty is unwarranted by establishing an affirmative defense such as reasonable cause or substantial authority. See id. at 446-447.

Respondent determined that petitioners are liable for an accuracy-related penalty of 20% under section 6662(a) of $1,290. The penalty applies to any underpayment of tax required to be shown on a return that is attributable to negligence or disregard of rules or regulations under section 6662(b)(1). Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). However, section 6664(c)(1) provides that a penalty under section 6662 will not be imposed on any portion of an underpayment if the taxpayer shows reasonable cause for such portion and the taxpayer acted in good faith with respect to such portion.

Mr. Hargreaves prepared the 2007 Federal income tax return. He credibly testified that he reported the interest deduction using what he thought the Form 1098 stated. He made a reasonable attempt to comply with the provisions of the Internal

Revenue Code and established with his testimony that he acted in good faith. Therefore, we hold that petitioners are not liable for the section 6662(a) penalty.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.