FRANCIS R. HART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45743. Promulgated December 30, 1930.

*Alfred P. Lowell, Esq.*, for the petitioner.
*John E. Marshall, Esq.*, for the respondent.

OPINION.

SMITH: With respect to the first issue the only question in dispute is whether the income from the Liberty bonds for that portion of the year 1926 during which the bonds were held by the receiver appointed by the court is taxable to the petitioner in his individual income-tax return for 1926, or whether the income is taxable to the receiver as a trustee.

Section 219 of the Revenue Act of 1926 provides in part as follows:

(a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property, held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

\* \* \* \* \* \* \*

(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, \* \* \*

The term " fiduciary," as defined in section 200 (b) of the Act, " means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person." Article 341 of Regulations 69, interpretative of the above quoted section, reads in part as follows:

*Estates and trusts.*—In general, the income of a trust for the taxable year which is to be distributed to the beneficiaries must be returned by and will be taxed to the respective beneficiaries, but the income of a trust which is to be accumulated or held for future distribution, whether consisting of ordinary income or gain from the sale of assets included in the corpus of the trust, must be returned by and will be taxed to the trustee. The exception to this general rule is with respect to the income of a trust revocable by the grantor, and the income of a trust which may be distributed to the grantor or used to pay the premiums upon policies of insurance on his life, which income, whether or not distributed, must be returned by and will be taxed to the grantor of the trust. \* \* \*

The respondent's position in this proceeding is that no separate taxable estate or trust was created in the receiver with respect to the bonds in question but that they remained the property of the petitioner throughout the year 1926 and thereafter while in the custody of the receiver, and that the income therefrom should have been reported in petitioner's individual return for that year.

The proceeding by which the property in question was deposited with the receiver was ancillary to a receivership proceeding then pending in the United States District Court and we assume was governed by the rules of law generally applicable to receivership proceedings in equity. Receiverships are said to differ from ordinary trusts in that a trustee takes title to, as well as possession of, the trust property, usually with discretionary duties to perform, while a receiver appointed by the court is a mere custodian of the property, which he holds as an officer of the court subject to the court's order. In *Union Bank of Chicago* v. *Kansas City Bank,* 136 U. S. 223, the court said:

* * * A receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion or by whose consent he is appointed; and the utmost effect of his appointment is to put the property from that time into his custody as an officer of the court, for the benefit of the party ultimately proved to be entitled, but not to change the title, or even the right of possession, in the property. * * *

Also, in *In re Tyler*, 149 U. S. 164, the court said:

The general doctrine that property in the possession of a receiver appointed by a court is *in custodia legis*, and that unauthorized interference with such possession is punishable as a contempt, is conceded; but it is contended that this salutary rule has no application to the collection of taxes. Undoubtedly property so situated is not thereby rendered exempt from the imposition of taxes by the government within whose jurisdiction the property is, and the lien for taxes is superior to all other liens whatsoever, except judicial costs, when the property is rightfully in the custody of the law. * * *

Those cases, we think, amply support the respondent's view that the temporary custody of the petitioner's bonds by the receiver did not change either their legal or beneficial ownership or divert the income accruing therefrom during the period of the receivership from the petitioner, their lawful owner. It is true that the petitioner might never have actually received into his possession the interest from the bonds had the judgment entered against him in the District Court been affirmed by the Circuit Court of Appeals, but even in that event the bonds and interest would have been applied against his lawful and binding obligations.

The case at bar differs from that of *Ferguson* v. *Forstmann,* 25 Fed. (2d) 47, where the Circuit Court of Appeals, Third Circuit, held, affirming the lower court, that dividends declared by a corporation and retained in its treasury pending determination of the true ownership of stock in litigation between stockholder and the Alien Property Custodian constituted income accumulated " for the benefit of unascertained persons " on which the corporation was required, under section 219 of the Revenue Acts of 1918 and 1921, to pay the

tax as a fiduciary. The income from the bonds here was accumulated not for the benefit of any unascertained persons but for the benefit of the petitioner only, whether it was finally to be applied against his obligations or to be restored to him.

The facts in this proceeding are, however, that both the bonds and the interest were later returned to the petitioner by order of the court. The petitioner merely suffered a postponement of the use and enjoyment of his income. The receipt of the income by the receiver was legally a receipt by the petitioner in the year 1926.

The facts, we think, require a consideration also of section 225 (a) of the 1926 Act, which reads in part as follows:

Every fiduciary (except a receiver appointed by authority of law in possession of part only of the property of an individual) shall make under oath a return for any of the following individuals, estates, or trusts for which he acts, stating specifically the items of gross income thereof and the deductions and credits allowed under this title—

The fiduciary here, a receiver appointed by authority of the law, had possession of the Liberty bonds which it appears the petitioner had obtained with funds borrowed from the bank on his personal notes. The record does not show what other property the petitioner owned except that his total assets at the time the judgment was entered against him had a value equal to the amount of the bonds turned over to the receiver. The petitioner was not dispossessed of his property other than the Liberty bonds, but continued to use it throughout the taxable year. We think that the fiduciary here was exempt under the provisions of section 225 (a), above quoted, from filing a return and that the respondent has correctly included the income from the bonds in the petitioner's individual income-tax return for the year 1926.

The second and only remaining issue may be disposed of briefly. The respondent has denied the petitioner a deduction in his return for 1926 of $10,865.62 on account of interest paid on borrowed money. The petitioner on December 4, 1926, gave his promissory note in that amount with interest at 4½ per cent payable June 6, 1927, in payment of interest due to date on his indebtedness to the American Trust Co.

In *Utah Orpheum Co.*, 3 B. T. A. 1041, we held that a taxpayer reporting his income on a cash receipts and disbursements' basis is not entitled to deduct as interest paid during the taxable year the amount of a promissory note given in discharge of an interest obligation. Interest is deductible in income-tax returns in the taxable year during which it is actually paid or, if the taxpayer reports his income on the accrual basis, when it becomes due and payable. *Miller & Vidor Lumber Co.*, 15 B. T. A. 948, affirmed in *Miller &*

*Vidor Lumber Co.* v. *Commissioner of Internal Revenue*, 39 Fed. (2d) 890; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *North Wayne Tool Co.*, 2 B. T. A. 366. In *Eckert* v. *Commissioner of Internal Revenue*, 42 Fed. (2d) 158, it was held that the amount of the note given in settlement of liability as an endorser is not deductible by a taxpayer on the cash basis who pays no cash on the note during the taxable year. The court stated:

* * * The giving of a note does not constitute a cash payment. The obligation to pay the amount of the note may be as binding for instance as payment of taxes, but it has been determined that a taxpayer on a cash received and disbursed basis can not deduct taxes before they are actually paid. *United States* v. *Mitchell, supra.* [271 U. S. 9]. Nor can a taxpayer, who subscribes to a charitable fund, deduct the subscription until he has paid it. *Mann* v. *Commissioner* (1929), 35 Fed. (2d) 873. The taxpayer not having sustained a loss because he did not pay the note or any part thereof in the year 1925, the Commissioner properly held that he was not entitled to this deduction. * * *

In the instant proceeding the petitioner submits that under the decisions of the Massachusetts courts the acceptance of a note in settlement of an obligation constitutes payment. Thus it is stated that in a very early case (*Cornwall* v. *Gould* (1827), 4 Pick. 444) it was held that the obligation on the old note was paid and extinguished by the acceptance of a renewal note; that this ruling has been repeatedly sustained by the Supreme Judicial Court of Massachusetts; that in the case of *Dewey* v. *Bell*, 5 Allen 165, where a new note was offered to the holder of the old note for the purpose of renewing it, it was held that the old note was paid and the fact that the holder refused to deliver it could not revive it.

We are of the opinion that it is immaterial what the rule is in Massachusetts with respect to the payment of an obligation by the giving of a note which is received as payment of the obligation. The rule in Massachusetts can have no bearing upon the interpretation of the Federal taxing statute, as was stated by the Supreme Court in *Weiss* v. *Wiener*, 279 U. S. 333:

It does not matter that in Ohio, where the properties lie, these long leases are treated as in many respects like conveyances of the fee. The Act of Congress has its own criteria, irrespective of local law, that look to certain rather severe tests of liability and exemption and that do not allow the deductions demanded whatever the lessees may be called. * * *

Cf. *Burk-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110.

We are of the opinion that since in the instant proceeding the petitioner made his return for 1926 upon the cash basis, the amount of the promissory note given by him in that year in payment of interest then due is not deductible under the provisions of section 214 (a) (2) of the statute.

*Judgment will be entered for the respondent.*