**Richard S. HEYMAN and Rosalee A. Heyman, (and) Joseph S. Heyman and Virginia S. Heyman, Plaintiffs-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.**

**Nos. 79–1052, 79–1053.**

United States Court of Appeals, Sixth Circuit.

Oct. 2, 1980.

Andrew E. Anderson, Spengler, Nathanson, Heyman, McCarthy & Durfee, Toledo, Ohio, for plaintiffs-appellants.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Richard Farber, Aaron Rosenfeld, Tax Div., U. S. Dept. of Justice, Stuart E. Seigel, Chief Counsel, Internal Revenue Service, Washington, D. C., for defendant-appellee.

Before ENGEL and BROWN, Circuit Judges, and WISEMAN, District Judge.*

ORDER

Taxpayers appeal from a decision by the Tax Court upholding the Commissioner's determination of a deficiency of $9,698.89 for the taxable year 1972. Appellants Richard and Joseph Heyman, both cash basis taxpayers, were partners in University Development Co. University Development Co. was a cash basis, calendar year partnership engaged in the business of constructing and operating apartment buildings.

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

On March 22, 1971 the partnership issued a secured note to First Federal Savings and Loan in the amount of $1,000,000 to finance construction of an apartment complex. On December 7, 1971 the partnership issued a second secured note to First Federal for $100,000. The interest on both loans was 9½ percent per annum.

Both notes provided for average monthly payments, including both interest and principal, for a period of 24 years. Payment was to begin March 22, 1972, one year after the initial loan. On that date, however, the apartments were not completed and the parties agreed to postpone payments until June, 1972. The loans were maintained on First Federal's books as construction loans until June, 1972 and then converted to conventional mortgage loans.

University Development maintained two construction loan accounts with First Federal during the period of construction. The partnership's right to draw funds from these accounts was based upon the level of construction completed. During the construction period First Federal charged interest on a monthly basis on the amount of the loan proceeds actually drawn. First Federal simply debited the loan accounts each month for the amount of interest due. These debits reduced the balance of each account available for withdrawal. The monthly interest charged during construction for 1972, the year in question, was $36,736.43. When the construction was completed in June, 1972, and the loans were converted to conventional mortgage loans, the partnership was obligated to make monthly payments based on the full face amount of the loans, $1,100,000.

The interest charges of $36,736.43 were deducted by the partners in 1972 according to their respective interest in University Development. The Commissioner disallowed the deductions on the grounds that appellants had not, in fact, paid any interest at all, but had simply been charged interest which would be paid back at a later date.

Under 26 U.S.C. § 163(a) (1976) cash basis taxpayers are only allowed interest deduc-tions if interest is actually paid in cash, or its equivalent. It is undisputed that taxpayers never actually paid any of these interest charges and that the lender merely deducted the monthly interest charges from the amount of principal available for withdrawal. Taxpayers argue if the substance of the transaction is considered, rather than the form, it is evident that taxpayers had constructive possession of the funds, and, therefore, should be considered as having made cash payments to the bank.

The Tax Court correctly determined in this case that taxpayers made no payment of cash or its equivalent. Neither the form nor the substance of the transaction required the taxpayers to part with anything other than a promise to pay. It is clear that a promise to pay is not a cash equivalent. In such circumstances a deduction under Section 163(a) is not available for a cash basis taxpayer.

The decision of the Tax Court is affirmed.