T.C. Memo. 2014-226

UNITED STATES TAX COURT

CHARLES COPELAND AND ARLENE COPELAND, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5605-13.                          Filed October 30, 2014.

Charles Copeland and Arlene Copeland, pro se.

Sebastian Voth, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  The Internal Revenue Service (IRS or respondent)

determined a deficiency in petitioners' Federal income tax for 2010.  After

concessions,[1] the sole remaining issue is whether petitioners are entitled to a

_____

[1]Petitioners conceded that unemployment compensation of $3,133 received
(continued...)

**[\*2]** mortgage interest deduction under section 163(a) and (h)(2)(d)[2] for interest that was capitalized into the principal of their mortgage note but not actually paid during 2010. We hold that they are not so entitled.

## Background

This case was submitted fully stipulated under Rule 122. The stipulated facts and the related exhibits are incorporated by this reference. Petitioners resided in California when they petitioned this Court.

Petitioners are cash basis taxpayers. In 1991 they purchased a residential property in Yucaipa, California, for $334,000. They financed this purchase with a $300,000 mortgage loan secured by the property. Petitioners have occupied this property as their home since 1991. In 2007 petitioners refinanced the Yucaipa property with a $600,000 loan from Gateway Funding Diversified Mortgage Services (GFDMS). This loan was likewise secured by a mortgage on the property. Bank of America subsequently acquired the GFDMS mortgage loan.

---

[1](...continued)
in 2010 was includible in taxable income. Respondent conceded that a health savings account distribution of $2,400 received in 2010 was not includible in taxable income.

[2]All statutory references are to the Internal Revenue Code as in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3]   In 2010 petitioners applied for a loan modification with Bank of America. This application was granted, and the terms of petitioners' mortgage loan were permanently modified. The modifications included a reduction of the interest rate, a change in the payment terms, and an increase in the loan balance. Immediately before the modifications, the outstanding loan balance was $579,275; after the modifications, the new balance was $623,953. The difference (equal to $44,678) resulted from adding the following amounts to the loan balance:  past due interest of $30,273, servicing expense of $180, and charges for taxes and insurance of $14,225.

Bank of America issued petitioners Form 1098, Mortgage Interest Statement, reporting that it had received from them during 2010 interest of $9,253 with respect to the Yucaipa property. On their timely filed 2010 tax return, petitioners claimed a deduction of $48,078 for home mortgage interest. The IRS issued petitioners a notice of deficiency disallowing $38,825 of this deduction, namely, the amount by which it exceeded the interest that Bank of America had reported on Form 1098. Petitioners have conceded that $8,552 of this deduction was properly disallowed. They contend, however, that they are entitled to the remainder of the claimed deduction, or $30,273. This represents the past-due interest that petition-

[*4] ers did not pay during 2010 which was capitalized into the principal of their modified mortgage loan.

## Discussion

Deductions are a matter of legislative grace, and the burden is on the taxpayer to prove entitlement to the deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This case was submitted fully stipulated under Rule 122. Since there remain only legal issues, the burden of proof is irrelevant. See, e.g., Nis Family Trust v. Commissioner, 115 T.C. 523, 538 (2000).

Section 163(a) generally allows a deduction for interest. However, section 163(h)(1) provides that "[i]n the case of a taxpayer other than a corporation, no deduction shall be allowed * * * for personal interest paid or accrued during the taxable year." Nondeductible "personal interest" is defined to exclude several categories of interest, including "any qualified residence interest." Sec. 163(h)(2)(D), (3). The parties agree that during 2010 the Yucaipa property was a "qualified residence" and that petitioners paid some "qualified residence interest." They disagree as to whether the amount deductible as "qualified residence interest" includes the $30,273 that was capitalized into the principal of the Bank of America loan.

**[\*5]** Petitioners are cash basis taxpayers. It is well settled that "[a] cash-basis taxpayer 'pays' interest only when he pays cash or its equivalent to his lender." Wilkerson v. Commissioner, 655 F.2d 980, 982 (9th Cir. 1981), rev'g 70 T.C. 240 (1978); Davison v. Commissioner, 107 T.C. 35, 41 (1996), aff'd, 141 F.3d 403 (2d Cir. 1998); Smoker v. Commissioner, T.C. Memo. 2013-56. The delivery of a promissory note to satisfy an interest obligation, without an accompanying discharge of the note, is a mere promise to pay, not a payment in cash or its equivalent. Don E. Williams Co. v. Commissioner, 429 U.S. 569, 577-578 (1977); Wilkerson, 655 F.2d at 982; Davison, 107 T.C. at 41; see United States v. Clardy, 612 F.2d 1139, 1151 (9th Cir. 1980) ("It is undisputed that if a new note is given to satisfy an interest obligation by a debtor on a cash basis, the interest has not been 'paid.'"). The rationale for this rule is that "the note may never be paid, and if it is not paid, 'the taxpayer has parted with nothing more than his promise to pay.'" Don E. Williams Co., 429 U.S. at 578 (quoting Hart v. Commissioner, 54 F.2d 848, 852 (1st Cir. 1932), aff'g in part, rev'g in part 21 B.T.A. 1001 (1930)).

The same rule applies to a discounted loan. Where a lender withholds a sum as interest from the face amount of a loan, the borrower is not regarded as having "paid" that interest. See Davison, 107 T.C. at 41; Menz v. Commissioner, 80 T.C. 1174, 1186 (1983). Whether interest is subtracted from the loan proceeds or

[*6] added to the loan principal, the economic reality is the same. In each case, the borrower is able to postpone paying the interest until some time in the future, over the life of the loan or as part of a balloon payment at maturity. See Heyman v. Commissioner, 70 T.C. 482, 485-487 (1978), aff'd, 652 F.2d 598 (6th Cir. 1980); Rubnitz v. Commissioner, 67 T.C. 621, 627-628 (1977); Smoker, T.C. Memo. 2013-56.

Through the loan modification agreement, the $30,273 in past-due interest on petitioners' mortgage loan was added to the principal. No money changed hands; petitioners simply promised to pay the past-due interest, along with the rest of the principal, at a later date. Because petitioners did not pay this interest during 2010 in cash or its equivalent, they cannot claim a deduction for it for 2010. They will be entitled to a deduction if and when they actually discharge this portion of their loan obligation in a future year. See Smoker, at *11-*12.

Against this backdrop of settled caselaw, petitioners ask us to recharacterize their loan modification transaction. Instead of having modified the terms of their existing loan, petitioners say they should be treated as if they had obtained a new loan from a different lender and used the proceeds of that loan to pay both the principal of the Bank of America loan and the past-due interest. Cf. Wilkerson, 655 F.2d at 984 (stating that if a separate loan from a third party is used to pay

[*7] interest, "a deduction may be appropriate because the obligation between the borrower and the original lender has not merely been postponed, it has been extinguished").

Contrary to petitioners' "substance over form" argument, the transaction they hypothesize is not economically equivalent to the transaction in which they engaged. For one thing, petitioners have supplied no reason to believe that they could have obtained a $623,952 loan from a different lender, given the economic environment prevailing in 2010. In any event, it is well established that taxpayers must accept the tax consequences of the transaction in which they actually engaged, even if alternative arrangements might have provided more desirable tax results. See Don E. Williams Co., 429 U.S. at 579-581; Noble v. Commissioner, 79 T.C. 751, 767 (1982); Smoker, at *12.[3]

In sum, a taxpayer is not "entitled to mortgage interest deductions for amounts capitalized into the principal of a mortgage note but not actually paid."

---

[3]Alternatively, petitioners say they should be treated as if they had obtained a new loan from Bank of America and used the new loan proceeds to discharge the old loan and the past-due interest. But petitioners would not be treated as having "paid" the interest in this event either. Rather, they would be regarded as having postponed payment of that interest by giving Bank of America a note, as they did through the loan modification arrangement in which they actually engaged. Wilkerson, 655 F.2d at 984; Battelstein v. Commissioner, 631 F.2d 1182, 1184 & n.3 (5th Cir. 1980); Davison, 107 T.C. at 41-51.

**[*8]** Smoker, at *2.  We accordingly conclude that petitioners cannot deduct for 2010 the $30,273 of past-due interest that was not paid for 2010 but postponed by being added to the loan balance.

To reflect the foregoing,

Decision will be entered under

Rule 155.