T.C. Summary Opinion 2016-28

UNITED STATES TAX COURT

BARTON SLAVIN AND AMY WEINSTOCK SLAVIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7785-12S.                    Filed June 21, 2016.

Barton Slavin and Amy Weinstock Slavin, pro sese.

Theresa G. McQueeney, for respondent.

SUMMARY OPINION

GALE, Judge: This case was heard pursuant to the provisions of section
7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant
to section 7463(b), the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other case.

Respondent determined the following deficiencies and accuracy-related penalties under section 6662(a)[1] with respect to petitioners' Federal income tax for taxable years 2007, 2008, and 2009 (years at issue):

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2007 | $3,066 | $613 |
| 2008 | 11,792 | 2,358 |
| 2009 | 26,605 | 5,321 |

After the parties' concessions,[2] the issues for our consideration are (1) whether petitioners are entitled to mortgage interest expense deductions for

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]For 2007 petitioners have conceded that they had unreported taxable interest income, that they are not entitled to their claimed real estate loss deduction in the amount that respondent has disallowed, and that respondent's adjustments to their claimed child tax credits are computational. For 2008 and 2009 petitioners have conceded that they are not entitled to their claimed real estate loss deductions in the amounts that respondent has disallowed and that the other adjustments, including the taxation of State and local tax refunds, are computational. The parties have also agreed that for 2009 petitioners had a $47,949 capital gain taxable at the long-term capital gains rate. Respondent has conceded that petitioners had reasonable cause for their failure to report the capital gain and that they are not liable for the portion of the sec. 6662(a) penalty for 2009 attributable to the capital gain adjustment.

taxable years 2008 and 2009 and (2) whether petitioners are liable for accuracy-related penalties under section 6662(a) for the years at issue.

Background

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated herein by this reference. Petitioners resided in New York when the petition was filed. Petitioner husband is a litigation attorney who also has experience with real estate transactions. Petitioner wife worked in sales, helped with petitioners' rental activity, and cared for their children during the years at issue.

During 2004 petitioners purchased from family friends (sellers) two semi-detached houses in Rockville Centre, New York (collectively, property), as a rental property. In lieu of obtaining third-party financing, on November 2, 2004, petitioners executed a mortgage on the property and a promissory note for $975,000 payable to the sellers. Under the terms of the promissory note, petitioners were to make two interest-only payments per year representing an annual interest rate of 6%[3] until the maturity date in 2034, at which date the note would be due in full. The interest payments were due in May and December each

---

[3]As long as petitioners did not make principal payments, the semiannual interest payments were to be $29,250.

year. The May interest payments were to be applied to the unpaid interest for November and December of the previous year and to the unpaid interest for January through April of the current year. The December interest payments were to be applied to the unpaid interest for May through October of the current year.

Petitioners paid the sellers $54,000 of interest in 2007. However, the rental property was not as profitable as petitioners had hoped, and they did not make any payments on the promissory note for 2008 or 2009. On June 10, 2008, petitioners and one of the sellers executed a mortgage modification agreement capitalizing $54,000 of unpaid interest for 2008 into the unpaid mortgage principal.[4] On October 15, 2009, petitioners and one of the sellers executed a second mortgage modification agreement capitalizing $54,000 of unpaid interest for 2009 into the unpaid mortgage principal.[5] Neither of the mortgage modification agreements altered the 6% annual interest rate.

After a series of conversations, the dates of which are not clear from the record, petitioners and one of the sellers entered into an interest rate modification

---

[4]The June 10, 2008, mortgage modification agreement stated that the unpaid principal balance of the original promissory note was $980,000.

[5]Although petitioners did not make any interest payments for 2008-09 and although under the terms of the promissory note petitioners were to pay annually $58,500 of interest spread over two payments, the mortgage modification agreements addressed only $54,000 of unpaid interest for each year.

agreement on January 8, 2010. Under the terms of this agreement, the annual interest rate as set forth in the promissory note was reduced from 6% to 3% effective January 1, 2008. The interest rate modification agreement did not address how the agreement to retroactively reduce the interest rate affected the two mortgage modification agreements or the mortgage principal.

During the years at issue petitioners were cash basis taxpayers. They timely filed joint Forms 1040, U.S. Individual Income Tax Return, for the years at issue. Petitioners attached to each Form 1040 a Schedule E, Supplemental Income and Loss, on which they reported that they were real estate professionals and claimed a rental real estate loss deduction. On each Schedule E petitioners claimed, inter alia, a mortgage interest expense deduction of $54,000. They did not submit into evidence documentation sufficient to substantiate their status as real estate professionals or their entitlement to the rental real estate loss deductions.

Petitioners hired Mayeer Karkowsky, a certified public accountant who is also an attorney admitted to the U.S. Tax Court Bar, to prepare their Forms 1040 for the years at issue. Mr. Karkowsky appeared and testified at trial. He discussed with petitioner husband before the filing of the Forms 1040 the mortgage interest expense deductions for the years at issue, but he did not have either mortgage modification agreement or the interest rate modification agreement when he was

preparing the returns. He advised petitioner husband that, because of the capitalized interest and the interest rate reduction, petitioners' mortgage had been "substantially modified" under section 1.1001-3, Income Tax Regs., and therefore petitioners qualified for the mortgage interest expense deductions.

Respondent issued to petitioners a notice of deficiency dated January 3, 2012, for the years at issue. Petitioners timely filed a petition for redetermination of the deficiencies.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). The taxpayer likewise bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of expenses underlying claimed deductions. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner. Petitioners have not claimed or shown that they meet the

requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

II.     Mortgage Interest Expense Deductions

Petitioners did not make any payments toward the promissory note for 2008 or 2009. Rather, the two mortgage modification agreements each capitalized $54,000 of unpaid interest into the mortgage principal. Petitioners claimed on their 2008 and 2009 Schedules E mortgage interest expense deductions for the amounts of the capitalized interest. Respondent disallowed the claimed deductions.

Section 163(a) provides that there shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness. Cash basis taxpayers, such as petitioners, are allowed a deduction for interest paid during the taxable year in cash or its equivalent. See Don E. Williams Co. v. Commissioner, 429 U.S. 569, 577-578 (1977); Davison v. Commissioner, 107 T.C. 35, 41 (1996), aff'd, 141 F.3d 403 (2d Cir. 1998); Menz v. Commissioner, 80 T.C. 1174, 1185 (1983). When a lender capitalizes unpaid interest by adding the unpaid interest amount to the loan principal, a cash basis borrower is not entitled to a current interest deduction for the interest that is added to the loan's principal balance. Heyman v. Commissioner, 70 T.C. 482, 485-487 (1978), aff'd, 652 F.2d 598 (6th

Cir. 1980). Petitioners did not pay mortgage interest for 2008 or 2009 in cash or its equivalent. The mortgage modification agreements did not constitute interest payments but rather allowed petitioners to postpone the paying of interest. As cash basis taxpayers, they are not entitled to deductions for the interest that was capitalized into the unpaid mortgage principal.

Petitioners attempt to distinguish the above-cited caselaw by contending that the capitalization of the 2008-09 interest was a true discharge of the interest because there was a "substantial modification" of the promissory note under section 1.1001-3, Income Tax Regs. Even if we were to accept petitioners' theory that there was a "substantial modification" of the promissory note for 2008-09, which we do not, that theory does not help them. Section 1.1001-3, Income Tax Regs., addresses when a modification of the terms of a debt instrument results in recognition of gain or loss under section 1001. It does not concern the deductibility of interest payments.

Moreover, Allan v. Commissioner, 856 F.2d 1169 (8th Cir. 1988), aff'g 86 T.C. 655 (1986), which petitioners cite in support of their case, is distinguishable. That case concerned accrual basis taxpayers, which petitioners are not, and addressed whether capitalized interest was properly includible in the taxpayers' amount realized upon foreclosure of the mortgaged property. See Smoker v.

Commissioner, T.C. Memo. 2013-56, at \*12-\*13 (explaining that <u>Allan</u> does not support a cash basis taxpayer's claimed deduction for unpaid interest that was capitalized into the principal of the loan).

As cash basis taxpayers, petitioners were not entitled to deduct unpaid interest that was capitalized in the mortgage principal. We sustain respondent's disallowance of petitioners' mortgage interest expense deductions for 2008-09.

III.    Section 6662(a) Accuracy-Related Penalties

Respondent determined that petitioners are liable for accuracy-related penalties pursuant to section 6662(a)for the years at issue. The Commissioner bears the burden of production regarding a taxpayer's liability for any penalty. Sec. 7491(c); <u>see</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). Once the Commissioner has met this burden, the taxpayer must provide persuasive evidence that the Commissioner's determination was incorrect. <u>See</u> Rule 142(a); <u>Higbee v. Commissioner</u>, 116 T.C. at 447.

Section 6662(a) and (b)(1) imposes a 20% penalty on any portion of an underpayment of tax required to be shown on a return attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, including any failure to maintain adequate books and records or to

substantiate items properly, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs.  Negligence is strongly indicated where a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit, or exclusion on a return that would seem to a reasonable and prudent person to be "too good to be true" under the circumstances.  Sec. 1.6662-3(b)(1)(ii), Income Tax Regs.

Petitioners conceded, inter alia, that respondent's adjustments with respect to their unreported interest income for 2007, their rental real estate loss deductions, and their State and local tax refunds were correct.  They also failed to maintain adequate records showing their entitlement to the claimed rental real estate loss deductions for the years at issue.  Moreover, petitioners, especially given petitioner husband's background and education level, should have known that, as cash basis taxpayers, they were not entitled to deduct unpaid interest. Respondent has met his burden of production with regard to the imposition of accuracy-related penalties for the years at issue.

Taxpayers may avoid liability for the section 6662 penalty if they demonstrate that they had reasonable cause for the underpayment and that they acted in good faith with respect to the underpayment.  Sec. 6664(c)(1).

Reasonable cause and good faith are determined on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's efforts to assess his proper tax liability. Id. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. Id.

Reliance on professional advice may constitute reasonable cause and good faith, but "it must be established that the reliance was reasonable." Freytag v. Commissioner, 89 T.C. 849, 888 (1987), aff'd on another issue, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991). The taxpayer's education, sophistication, and business experience will be relevant in determining whether the taxpayer's reliance on tax advice was reasonable and in good faith. Sec. 1.6664-4(c)(1), Income Tax Regs.

Petitioners argue that they acted in good faith by relying on professional advice. Although petitioners demonstrated that their adviser was a competent professional with sufficient experience to justify reliance, see Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002), we are not convinced they had reasonable cause and acted in good

faith. First, nothing in the record indicates that petitioners sought or relied on advice from Mr. Karkowsky with respect to the adjustments that they have conceded. See id. Second, with respect to the mortgage interest expense deductions, petitioners have not proven that their reliance on Mr. Karkowsky was reasonable. Although petitioner husband had discussed the mortgage interest expense deductions with him, Mr. Karkowsky did not have the two mortgage modification agreements or the interest rate modification agreement when he prepared the returns. See id. (stating that taxpayers must provide necessary and accurate information to their adviser).

Moreover, petitioners' reliance on Mr. Karkowsky's theory of the deductibility of the interest was not reasonable. Even if petitioners did not understand that section 1.1001-3, Income Tax Regs., was not applicable to their situation, petitioner husband understood that Mr. Karkowsky's advice was at least partially based on the interest rate reduction from 6% to 3%.[6] However, on each of their 2008-09 Forms 1040, petitioners deducted mortgage interest expenses of

_____

[6]Although the interest rate modification agreement was not executed until January 2010, we give petitioners the benefit of the doubt and assume, without deciding, that they and the sellers had orally agreed to the interest rate reduction before Mr. Karkowsky prepared petitioners' 2008 Federal income tax return. If there was no oral agreement before Mr. Karkowsky prepared petitioners' 2008 Federal income tax return, petitioners' reliance on Mr. Karkowsky's advice for their 2008 mortgage interest deduction would also be unreasonable.

$54,000.  This is the same amount of interest that petitioners had deducted for 2007, when the interest rate was 6%.  Especially given petitioner husband's education level, petitioners should have realized that an interest rate reduction would have translated into a smaller mortgage interest expense deduction for the year.  Petitioners have failed to prove that they had reasonable cause or that they acted in good faith, and they are liable for the section 6662(a) penalties for 2007 and 2008 and for the penalty for 2009 in excess of the amount that respondent has conceded.

IV.  Conclusion

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the parties' concessions and the foregoing,

Decision will be entered

under Rule 155.